Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit against the plaintiffs in error as administrators of Swan Thompson, deceased, upon his indorsement of a promissory note made by one Joseph Gates. The declaration contained two counts. The first averred a demand and notice in the usual form; the other, the insolvency of the maker as an excuse for want of demand and notice. The defendants pleaded non assumpsit. The only evidence upon the trial related to the insolvency of the maker; there was no attempt to prove demand or notice. No charge was asked of the court, and a verdict was rendered in favor of the plaintiff. The defendants moved for a new trial, which was refused; they then embodied the evidence in a bill of exceptions, and brought the case by writ of error to this court.
It is conceded by the counsel of the defendant in error, that the evidence was in legal effect, insufficient to warrant the finding of the jury, upon a proper state of pleadings. But he insists that the second count in the declaration was defective, and should have been demurred to, and that as no demurrer was filed, the defect is cured by the verdict, by force of the statute of jeofails and amendments.
That statute is very broad in its provisions, and cures almost every defect in the pleadings after verdict. But it has been decided in Virginia, under exactly the same statute, that “ it gives to the verdict the effect of curing errors, only when the verdict is given without exception.” Truss v. Old, 6 Ran. 560.
Our statute in regard. to the allowing of exceptions to the granting or refusing of new trials, has an important bearing upon the subject. Upon the construction of this statute, this court has said, “if no charge be asked or given, and the case comes up on a bill of exceptions embracing the whole evidence, this court must consider whether the law rvhich controls the cause, has been properly understood and applied to the facts by the jury. This task is a delicate and difficult one, but it must be performed. The inclination of the court will be to sustain the verdict, if it can be done on correct legal principles; but if *92 it cannot, we must give the parties another trial.” Leflore v. Justice, 1 S. & M. 385.
The statute puts this court in the place of the circuit court, at the time of the rendition of the verdict. It is our duty to revise the judgment of the circuit court in this particular, and to do what that court should have done. We cannot but see in this case, that the verdict is contrary to law. The insolvency of the maker of the note, found no excuse for the failure to make demand and give notice to the indorser. The error of counsel in not taking advantage of this by demurrer, cannot shut out this conclusion from our view, or preclude the application of a remedy, when the whole case, facts and law, are brought under our inspection.
If there had been no motion for a new trial, and no exception to the judgment upon that motion, the result would probably be different. Upon a writ of error to the judgment, without reference to the testimony on which the verdict was given, and without reference to the motion for a new trial, there would be no error apparent upon the record, which would not be cured by the statute of jeofails.
The judgment must be reversed and new trial granted.